UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HENRICKS MOTORS CORPORATION and WILLIAM JOHN HENRICKS,

Plaintiffs,

v.

GENERAL MOTORS CORPORATION,

Defendant.

Case No. 18-CV-0824 (PJS/KMM)

ORDER

On April 11, 2018, Magistrate Judge Franklin L. Noel denied the applications of plaintiffs Henricks Motors Corporation ("HMC") and William John Henricks ("Henricks") to proceed *in forma pauperis* ("IFP"). ECF No. 3. Henricks requested that HMC be removed from the action and that his own IFP application be reevaluated. ECF No. 4. The case was then transferred to Magistrate Judge Katherine M. Menendez in anticipation of Judge Noel's retirement. ECF No. 5.

Judge Menendez reevaluated Henricks's IFP application and, in a report and recommendation ("R&R") dated May 11, 2018, recommends that it be denied and this action be dismissed. ECF No. 6. This matter is before the Court on Henricks's objection to the R&R. ECF No. 7.[1] The Court has conducted a de novo review. *See* 28 U.S.C.

---

[1]Henricks filed a motion to extend the time within which he had to object to the R&R. ECF No. 10. Such an extension is unnecessary, however, as Henricks's objection

(continued...)

§ 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Henricks's objection and adopts the R&R.

Henricks notes that Judge Menendez found that he qualified financially for IFP status but that his complaint failed to state a claim upon which relief can be granted, and Henricks argues that "[t]hese are contradictory statements logically." ECF No. 7 at 3. Henricks is incorrect. To be granted IFP status, a litigant must make two separate showings. First, the litigant must show that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). That inquiry has nothing to do with the content of his complaint. Second, the litigant must show that his complaint states a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry has nothing to do with whether the litigant can afford to pay the filing fee. Thus, there is nothing at all "contradictory" about Judge Menendez finding both that Henricks cannot afford to pay a filing fee and that Henricks's complaint fails to state a claim upon which relief can be granted.

As Judge Menendez explained, the main problem with Henricks's complaint is that it fails to clearly allege that General Motors took a specific action on a specific date that violated a specific provision of the United States Constitution or a federal statute and that injured Henricks in a specific manner. For example, the complaint accuses

[1](...continued)
was timely filed. The Court received the objection on May 25, 2018, which is within the 14-day period allowed by Local Rule 72.2(b)(1). Henricks's motion for an extension of time to object is therefore denied as moot.

General Motors of "[v]iolation of the Federal Trade Com[m]ission Act of 1914." ECF No. 1 at 2. But the complaint gives no hint as to *how* General Motors violated the Act, or how Henricks was harmed by that violation. In his objection, Henricks clarifies that he is accusing General Motors of committing "unfair or deceptive acts" in violation of the Act because "General Motors advertising does not give scientific factual information about their products, but use a lot of subjective 'puffing,' that are deceptive." ECF No. 7 at 5. But even in his objection, Henricks does not identify a single advertisement, or identify the product advertised, or identify what "scientific factual information" was omitted from the advertisement, or identify how this omission caused the advertisement to be deceptive, or identify how he was harmed by the allegedly deceptive advertisement.

All of the causes of action listed in Henricks's complaint are similarly unsupported by factual allegations sufficient to render those claims "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, Henricks's complaint fails to state a claim upon which relief can be granted and must be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff William John Henricks's objection [ECF No. 7] and ADOPTS the R&R [ECF No. 6]. IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE.

2. Henricks's motion for an extension of time to object to the R&R [ECF No. 10] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 5, 2018

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge